THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE H. CHRISTO, Defendant-Appellant.

(No. 59009;

First District (4th Division)—September 25, 1974.

*Rehearing denied October 24, 1974.*

James J. Doherty, Public Defender, of Chicago (Joseph Dvorak, III, and Ira Churgin, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Lorence H. Slutzky, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant George H. Christo, was charged with the offense of theft. He waived a jury trial. After a motion to suppress evidence was heard and denied, he was found guilty as charged and sentenced to serve 120 days in the House of Correction. On appeal, the defendant solely contends that the motion to suppress evidence should have been sustained.

Officer Richard Stach was the only witness at the hearing on the defendant's motion to suppress. Called as a witness by defendant, he testi-

fied that on February 12, 1973, at approximately 12:20 A.M., he and another officer observed the defendant and a girl seated in a parked automobile. The officer further stated that although he had no warrant for either an arrest or search, he searched the defendant and discovered the evidence which is sought to be suppressed.

During cross-examination by the State, Officer Stach detailed the events which led to the search. He testified that as he approached the vehicle, the defendant "stepped out of the car in a fast manner." This drew his attention. He asked the defendant who owned the car, and the defendant responded that a friend of his did. Approximately 30 seconds after the defendant exited the vehicle, a resident of a nearby building informed the officer that the car was owned by another occupant of the building. The owner then appeared and told Officer Stach that he did not know either the defendant or his companion. Upon hearing this, Officer Stach placed the defendant under arrest and searched his person. On redirect examination he reiterated a firm recollection that the search was conducted subsequent to the arrest.

Illinois statutory law requires that "the order or judgment granting or denying the motion [to suppress evidence] shall state the findings of facts and conclusions of law upon which the order or judgment is based." (Ill. Rev. Stat., ch. 38, par. 114—12(e).) In compliance with the statute, the trial judge concluded: "The search was incidental to a proper stop. Motion to suppress denied."

The defense finds the court's use of the words "proper stop" particularly significant. On the basis of these words, it is argued that the search was not conducted incident to an arrest, but rather merely based upon suspicion, and that the evidence produced by the search should have been suppressed. The defendant concedes that there is no question but that a certain limited intrusion may be conducted pursuant to a "proper stop," but it is emphasized that such a search has definite and narrow parameters. The defendant cites section 108—1.01 of the Code of Criminal Procedure (Ill. Rev. Stat., ch. 38, par. 108—1.01), which provides in pertinent part:

> "When a peace officer has stopped a person for temporary questioning pursuant to Section 107—14 of this Code and reasonably suspects that he or another is in danger of attack, he may search the person for weapons * * *."

It is argued that the search, therefore, must be confined in scope to an intrusion designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer. (*Terry v. Ohio*, 392 U.S. 1, 29.) The defense stresses that the seizure of certain items from the defendant's person was conducted during a "stop and frisk", and that the principles of

law applicable to "stop and frisk" were erroneously applied by the trial judge. We are not in accord.

The fact that the court used the words "proper stop" does not in our opinion infer that it applied "stop and frisk law." The defendant regards the word "stop" as having a settled definition, when in fact, the contours of its connotations are ill-defined. This is not to say that the word may not and has not been used in the sense propounded by the defendant. We mean only to say that the word "stop" has not evolved to that degree of usage and crystal certainty as to indelibly label it a term of art. Its meaning is not fixed, but varies with the context in which it is used.

■■ Placing the instant usage of the word in context with the evidence, clearly the trial court concluded that the search was conducted pursuant to an arrest based upon probable cause. The sole witness called to testify on the motion to suppress was Officer Stach. He testified that he did not arrest nor search the defendant until the defendant's statement that the automobile was owned by a friend of his was refuted by the true owner. Although the original stopping was based on mere suspicion, the arrest and subsequent search were made only after probable cause existed. A search is a reasonable intrusion under the Fourth Amendment when incident to a proper arrest (*United States v. Robinson,* 414 U.S. 218; *Gustafson v. Florida,* 414 U.S. 260.) We conclude that since the evidence clearly establishes the legality of the arrest and subsequent search, the defendant cannot avail himself of the Court's use of the word "stop" as a ground for reversal. *People v. Wilson,* 45 Ill.2d 581, 262 N.E.2d 441.

We find no reversible error in the record, and the judgment of the circuit court is affirmed.

Affirmed.

ADESKO, P. J., and JOHNSON, J., concur.